UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS M. KELLY,

        Plaintiff,                              Case No. 14-cv-11894

v                                                    Honorable Thomas L. Ludington

KIMBERLY ATKINSON, et al.,

        Defendants.

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Marcus M. Kelly, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan,[1] has filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that his constitutional rights have been violated by the defendants during his incarceration at the Kinross Correctional Facility. Specifically, Plaintiff alleges that his First, Sixth, and Fourteenth Amendment rights were violated when (1) prison officials prevented him from participating in a deposition via teleconference, (2) the mailroom supervisor rejected his "legal mail", and (3) prison officials did not allow Plaintiff to correspond with his attorney. Plaintiff also alleges that his First and Fourteenth Amendment rights were violated because prison officials retaliated against him for petitioning the government to redress his grievances. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

Plaintiff is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. In the present case, all of the

---

[1] Kincheloe, Michigan, lies within the geographic area encompassed by the Western District of Michigan.

actions complained of by Plaintiff—interference with his legal proceedings and retaliation by prisoner officials—took place at the Kinross Correctional Facility. In addition, all of the defendants named in the complaint reside in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Kinross Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y.

1992). Plaintiff is currently incarcerated in the Western District of Michigan and the defendants all reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir. 1974)). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District is proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995).

Venue for Plaintiff's lawsuit against the defendants is not proper in the Eastern District of Michigan because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where Plaintiff alleges that the civil rights violations occurred.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 28, 2014

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Marcus Kelly #259579, at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on May 28, 2014.

                                s/Tracy A. Jacobs
                                TRACY A. JACOBS