UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS KELLEY,

    Plaintiff,

v.                                              Case No. 2:14-cv-117
                                                    HON.  GORDON J. QUIST
KIMBERLY ATKINSON,  et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff filed a "motion to correct and or modify clerical error"   ECF No. 79.  This case was filed initially on May 6, 2014, and has made little progress to date due to Plaintiff's confusion regarding the identity of Defendant Lewis and Defendant Wilson.  It now appears that Defendant Wilson does not exist, and Plaintiff's original action in naming Defendant Lewis as the proper party was correct.

        Plaintiff originally named Unknown Lt. Lewis as a Defendant in this action.  Defendant Lewis appeared in this case by counsel on September 29, 2015.  As ordered by the Court, on February 5, 2016, Plaintiff filed an Amended Complaint.  ECF No. 53.  Plaintiff's Amended Complaint omitted Defendant Lewis as a Defendant, but included Defendant Wilson.  Defendant Lewis moved to dismiss the claim against him because Plaintiff failed to include allegations against Defendant Lewis in his Amended Complaint.  The Court issued an order requiring Plaintiff to file an amended complaint setting forth claims only against Defendant Lewis.  ECF No. 59.  Plaintiff submitted another amended complaint.  ECF No. 60.  Plaintiff asserted that

Defendant Wilson was actually the individual that he intended to sue and that Defendant Lewis was named by a clerical error. Defendant Lewis filed a second motion to dismiss. ECF No. 62.

Based upon Plaintiff's explanation, on May 20, 2016, the Court dismissed Defendant Lewis and allowed the matter to proceed against Defendant Wilson. ECF No. 65. Plaintiff was unable to properly identify Defendant Wilson, and no person named Lt. Wilson worked at the Kinross Correctional Facility. Defendant Wilson could not be served with a summons and complaint.

Plaintiff filed a request for information on September 14, 2016, which the Court construed as a motion for production of a grievance. On September 21, 2016, the Court granted Plaintiff's motion and directed the Michigan Attorney's General's Office to provide Plaintiff with a copy of grievance KCF-11-13-0221-23z, so that Plaintiff could properly identify Defendant Wilson. Plaintiff now asserts that he made a clerical mistake by identifying Defendant Wilson as the proper Defendant and that he is now certain that the Defendant that he originally named, Lt. Lewis, is the proper Defendant. Plaintiff requests that the Court dismiss Defendant Wilson as an improper party, and reinstate Defendant Lewis as a party to this action.

Accordingly, it is recommended that Plaintiff's motion (ECF No. 79) be granted. It is recommended that Defendant Lewis be reinstated as a Defendant in this case and that Defendant Lewis be substituted for Defendant Wilson in the Amended Complaint filed on April 18, 2016 at ECF No. 60. It is further recommended that Defendant Wilson be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 4, 2016